IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARSHALL MARIK,<br><br>            Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, and DOES 1-100,<br><br>            Defendants. | Case No. 2:05-cv-0680-RRB-PAN<br><br>**ORDER GRANTING MOTION TO DISMISS** |

**I.    INTRODUCTION**

   Before the Court is Defendant United States of America ("Defendant") with a Motion to Dismiss (Docket No. 16). Defendant moves to: (1) dismiss Does 1-100, because they are not proper Defendants; and (2) dismiss Plaintiff's claim against it, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, for lack of subject matter jurisdiction, because Plaintiff's claim "arises out of alleged interference with contract and slander, torts for which Congress has not waived the United States' sovereign

immunity."[1]  Plaintiff Marshall Marik ("Plaintiff") does not oppose the dismissal of Does 1-100.[2]  He does, however, oppose the remainder of Defendant's Motion to Dismiss (Docket No. 16), and argues that: (1) he "has alleged a viable claim for negligence against Defendant"[3]; and (2) his "claim is not and cannot be read either as one for interference with contract or defamation."[4]  The Court disagrees.[5]

## II. FACTS

"Plaintiff was a contract employee of Engineering & Environment, Inc. ("EEI"), tasked with performing services for and at [Park Reserve Forces Training Area (PRFTA)] in Alameda County, California."[6]  On or about May 9, 2004,

> [T]he former Commander of PRFTA directed that EEI not allow [P]laintiff to return to PRFTA based upon the [former] Commander's belief that [P]laintiff had committed a hostile work

---

[1]   Clerk's Docket No. 16 at 2 (citing 28 U.S.C. § 2680(h)).

[2]   Clerk's Docket No. 18 at 2.

[3]   Id.

[4]   Id. at 1 (emphasis added).

[5]   Oral argument has been requested but is deemed unnecessary in light of the narrow issue which the subject motion presents.

[6]   Clerk's Docket No. 17 at 2 (citations omitted).

>       environment for another EEI employee and that
>       [P]laintiff had committed contractual fraud.[7]

"Plaintiff: (1) denies he created a hostile work environment or that he committed contractual fraud"[8]; and (2) argues PRFTA's former Commander acted <u>negligently</u> in baring him from the post.

**III. STANDARD OF REVIEW**

A Rule 12(b)(1) motion may raise a facial or factual challenge to the court's subject matter jurisdiction.[9] A facial challenge is directed at the legal sufficiency of a claim.[10] The burden of proof is on the party asserting jurisdiction.[11] When assessing a Rule 12(b)(1) facial challenge to the court's subject matter jurisdiction, the non-moving party receives the same protections as those under a Rule 12(b)(6) motion, and the court applies a standard comparable to that used for Rule 12(b)(6) motions.[12] The court "will accept the [non-moving party's] allegations as true, construing them most favorably to the [non-moving party], and will not look beyond the face of the complaint

---

[7]    <u>Id.</u> (citations omitted).

[8]    <u>Id.</u> (citation omitted).

[9]    2 James Wm. Moore <u>et al.</u>, <u>Moore's Federal Practice</u> § 12.30[4], at 12-38 (3d ed. 1977) ("Moore").

[10]    <u>Id.</u>

[11]    5A Charles Alan Wright and Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1340, at 226 (2d ed. 1990).

[12]    Moore § 12.30[4] at 12-38 n.12.

to determine jurisdiction."[13]  The court will not dismiss a claim under 12(b)(1) unless it appears without any merit.[14]

**IV. DISCUSSION**

Inasmuch as Defendants' Motion to Dismiss Does 1-100 is <u>unopposed</u>, it is hereby **GRANTED**.  Moreover, "despite the fact that [P]laintiff has styled his complaint as <u>negligence</u>, it [too] must be dismissed . . . because . . . [P]laintiff's underlying claim clearly involves an <u>interference with contract</u> claim."[15]  To be sure, Plaintiff specifically alleges, "Leiutenant [sic] Colonel DawnLee DeYoung's actions <u>interferred [sic] with my contract</u> with Engineering & Environment, Inc.[,] at a cost of approximately $136,000.00 per year."[16]  Consequently, inasmuch as Plaintiff asserts a claim in contract, for which Defendant is immune from liability, and for additional reasons more carefully articulated in Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss (Docket No. 20), Defendant's Motion to Dismiss (Docket No. 16) is hereby **GRANTED**.

---

[13]   Moore § 12.30[4] at 12-38 & 12-39.

[14]   Moore § 12.30[4] at 12-38 n.12.

[15]   Clerk's Docket No. 20 at 5 (emphasis added).  "The fact that [P]laintiff's complaint is styled as a negligence claim rather than as an interference with contract claim does not prevent it from being barred by the exceptions of § 2680(h)."  Clerk's Docket No. 17 at 7 (<u>citing</u> <u>Thomas-Lazear v. F.B.I.</u>, 851 f.2d 1202, 1207 (9th Cir. 1988)).

[16]   Clerk's Docket No. 18, Ex. A. at 1 (emphasis added).

Further, as Defendant clearly sets forth in its Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss (Docket No. 20), Plaintiff could not conceivably make a claim of negligence under the unique facts of this case, especially given the extensive leeway allotted to military commanders in restricting access to their facilities.

Insofar as Plaintiff has requested "leave to amend his Complaint"[17] but has presented no new evidence, the same is **DENIED**.[18]

ENTERED this 2nd day of March, 2006.

/s/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[17]  Id. at 5-6.

[18]  Indeed,

> The Ninth Circuit has previously determined that a district court can deny a motion to amend where the plaintiff presents no new facts but only theories, and provides no satisfactory explanation for his failure to fully develop his theories originally.

Id. at 6 (citing Allen v. City of Beverly Hills, 911 F.2d 367, 374 (9th Cir. 1990)).  Such is the case in the instant matter.